UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL MCELROY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PERNOD RICARD USA, LLC.; et al.,<br><br>　　　　　　　　　　　Defendants.<br><hr>AND ALL RELATED CROSS ACTIONS | Case No.: 3:23-cv-02183-CAB-VET<br><br>**ORDER COMPELLING ARBITRATION AND STAYING CLAIMS**<br><br>[Doc. No. 98] |

Third-Party Defendant Owens Brockway Glass Container ("Owens") filed a motion to compel arbitration and stay all claims filed against it by Third-Party Plaintiff Pernod Ricard USA, LLC ("Pernod"). [Doc. No. 98.] The Court grants Owens' motion and stays the claims against it.

## I. BACKGROUND

The core allegation in this case by Plaintiff April McElroy involves a bottle of Pernod Sparkling Wine purchased at her local CVS. Plaintiff claims that this bottle of wine exploded as she tried to open it. [*See generally* Doc. No. 22.] Pernod filed a third-party complaint against Owens for indemnification and contribution pursuant to a supply agreement relating to Plaintiff McElroy's product liability, failure to warn, and negligence theories. [Doc. No. 53.] Owens filed an answer and brought cross claims. [Doc. Nos. 60–61.]

Brought into this case nearly last October, Owens has moved to compel arbitration based on a supply agreement (Supply Agreement 1) between Owens and Pernod. [Doc. No 98-2 ¶ 16.] Pernod claims that a more recent supply agreement (Supply Agreement 2), signed in 2023, controls this dispute. [Doc. No. 102-1.] Both Agreements include arbitration provisions.

The arbitration clause in Supply Agreement 1 contains three relevant provisions. Upon the existence of a dispute relating to indemnification:

> The parties must negotiate in good faith to resolve any dispute regarding the Agreement. If the dispute is not resolved within sixty (60) days of written communication of the dispute, each party shall nominate one senior officer as its representative to meet to attempt to resolve the dispute. If the representatives are unable to resolve the dispute, then the dispute ***shall* be submitted** to a panel of three arbitrators operating under the procedural rules of the American Arbitration Association.

[Doc. No 98-2 §16.1; emphasis added.] Supply Agreement 2 contains slightly different language on the same topic:

> [I]f the Parties fail to resolve the Dispute, and a Party desires to pursue resolution of the Dispute, the Dispute ***may be submitted by either Party*** for resolution in binding arbitration pursuant to the then-current Commercial Arbitration Rules of the American Arbitration Association ("AAA"), except where they conflict with these provisions, in which case these provisions control.

[Doc. No. 102-1 § 34(c); emphasis added.] Like its predecessor, Supply Agreement 2 also contemplates a sixty-day resolution period followed by a meeting among senior representatives prior to the arbitration option. [*Id.* § 34(b).]

Almost two months after its addition to this suit, Owens sent a letter to Pernod's counsel on December 19, 2024 requesting indemnification from the claims asserted in this litigation and, in the alternative, engaging the dispute resolution procedure contained in what appears to be Supply Agreement 2. [Doc. No. 98-3.] According to Owens, the parties were unable to resolve the dispute, triggering this motion to compel.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration agreements in contracts. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). The FAA makes such written arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Because arbitration is fundamentally a matter of contract, the central or primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." *Momot v. Mastro*, 652 F.3d 982, 986 (9th Cir. 2011) (internal quotation marks and citation omitted).

The FAA "requires courts rigorously to enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes and the rules under which that arbitration will be conducted." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 506 (2018) (citations omitted). In deciding whether to compel arbitration, a court must determine: "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Since "[a]rbitration is a product of contract," a court applies ordinary state law principles to determine whether a valid contract to arbitrate exists. *Davis v. Nordstrom*, Inc., 755 F.3d 1089, 1092-93 (9th Cir. 2014). The party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence the existence of an agreement to arbitrate. *See Ashbey v. Archstone Prop. Mgmt.*,

*Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (citing *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)).

"[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Accordingly, a motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83 (1960).

### III. ANALYSIS

Pernod, looking to Supply Agreement 2, argues that the relevant arbitration provision is merely optional, and regardless, Owens waived any right to arbitration. Owens, which urges that Supply Agreement 1 applies, responds that (1) it never waived arbitration, (2) that the arbitration agreement is mandatory but required good faith negotiation prior to arbitral resolution, (3) and that arbitration would not prejudice the parties but streamline this case.

### I. Whether the Agreement Contains an Arbitration Provision

There is a threshold dispute between Pernod and Owens as to which agreement applies to this motion. But this is not a case of two ships passing silently in the night: both agree that they are bound, at minimum, by one of those Agreements. Nevertheless, the Court need not resolve the issue at this juncture because both Supply Agreements 1 & 2 contemplate arbitration.

If proceeding under Supply Agreement 1, it is clear that "any dispute"—if it remains unresolved by the "good-faith" negotiation provisions of the Agreement—"shall be submitted" to AAA arbitration. [Doc. No 98-2 §16.1.] Supply Agreement 2's language, Pernod argues, contemplates merely "optional" arbitration. But where the language of the arbitration provision is "plain and unambiguous, that is the end of [the Court's] analysis." *See United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791,

796 (9th Cir. 2017). The plain language of the arbitration provision in Supply Agreement 2 makes clear that arbitration is not optional; instead, the provision gives either party the option to unilaterally initiate arbitration to address an unresolved dispute. [Doc. No. 102-1 § 34(c).]

Whether proceeding under Supply Agreement 1 or Supply Agreement 2, arbitration is required to address the parties' disagreement. And based on Pernod's disputed contention that Owens must indemnify it for the harm alleged by Plaintiff, the claim falls squarely into the scope of either Supply Agreement. Indeed, Pernod makes no effort to dispute that specific point—instead—arguing for waiver. Ultimately, the question of which Supply Agreement governs (technically, another dispute) will be left for the arbitrator.

The Court finds that Owens has carried its initial burden to show that there is an agreement to arbitrate between the parties, and that the agreement covers the present dispute.

### II.   Waiver: Inconsistent Acts

The next question for the court is whether Owens waived any right to arbitration. "The right to arbitration, like other contractual rights, can be waived." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (2016), citing *United States v. Park Place Assocs., Ltd.*, 563 F3d 907, 921 (9th Circ. 2009). Waiver by litigation conduct is a "gateway" issue of arbitrability to be decided by a district court. *Yasuda*, 829 F.3d at 1123. "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* at 1124.

The case law in the Ninth Circuit appears leniently construed against waiver. In determining waiver, courts look to a party's actions which indicate a conscious decision to seek a judicial forum and a judgment on the merits of the arbitrable claims. *See Yasuda*, 829 F.3d at 1125. Delay alone is not sufficient: the Circuit has held that even a 10-month delay in compelling arbitration does not necessitate waiver. *See Armstrong v. Michaels*

*Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). But where a party actively litigates a case, including conducting discovery and litigating dispositive motions, a finding of waiver is appropriate. *See, e.g.*, *Kelly v. Pub. Util. Dist. No. 2 of Grant Cnty.*, 552 F. App'x 663 (9th Cir. 2014).

Pernod argues that Owens has actively litigated this case and therefore waived any arbitration. Since Owens answered in November 2024, Owens has "participated" in at least a dozen fact witness depositions prior to moving to compel arbitration. [Decl. of Chelsea C. Yamabe ¶ 9.] There is no dispute that Owens limited its participation to simply appearing. Moreover, neither Owens nor Pernod disagree that Owens knew about the existing right to compel arbitration: Owens asserted arbitration as a defense in its November answer to the third-party complaint. [Doc. No. 60 ¶ 28.] As discussed, both Supply Agreements contemplate arbitration.

The Court finds that the circumstances indicate that Owens has not taken actions inconsistent with the right to arbitrate. Owens has not filed a single dispositive motion. Owens has itself not led the deposition of any witnesses. Based on the case law, Owens' mere participation in a dozen or so depositions does not qualify as a waiver of its arbitral right. *See e.g., Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661–62 (5th Cir. 1995) (no waiver where defendant filed a motion to dismiss and a motion to stay the proceedings, answered the complaint, asserted a counterclaim, and exchanged discovery).

Owens asserted arbitration as a defense to Owens' third-party complaint and filed a motion to compel arbitration just six months after its answer. *See, e.g., Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 938 F.2d 1574, 1576 (2d Cir. 1991) (failing to raise the defense of arbitration eighteen months after answering the complaint points to waiver). Here, there has been no "extended silence" or a "much-delayed demand for arbitration." *See Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988). Owens rightfully points out that Supply Agreement 1 itself contemplated some lead time before arbitration became an option. Supply Agreement 2 contains similar provisions. The letter

sent by Owens to Pernod on December 19, 2024 clearly evidences its desire to abide by the dispute resolution procedure reflected in both Agreements.

On these facts, Pernod has not shown Owens' intention to waive arbitration and instead take advantage of a merits-focused judicial determination.

### III.   Waiver: Prejudice

Even assuming that waiver based in acts inconsistent with the right to arbitration is a close call, Pernod, as the entity opposing arbitration, fails to identify any prejudice that has been caused by the six-month delay in demanding arbitration.

In order to establish prejudice, Pernod must show, as a result of a delay in demanding arbitration, that it has incurred costs that it otherwise would not have incurred, that it has been forced to relitigate an issue on the merits on which they have prevailed in court, or that Owens has received an advantage in litigating in federal court that it would not have received in arbitration. *See Yasuda*, 829 F.3d at 1126–27.

Pernod offers only a conclusory argument that Owens received an advantage by sitting through various depositions involving parties to the primary suit. The Court cannot conclude that this necessarily advantaged Owens. Pernod does not indicate whether these depositions had anything to do with the claims asserted against or by Owens. *See Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 697 (9th Cir. 1986) (even extensive discovery into both arbitrable and non-arbitrable claims before moving to compel arbitration is insufficient prejudice for a waiver if that discovery is available for trial of the non-arbitrable claim in federal district court). Notably, Owens has not sought to issue any discovery for its own advantage. *But see PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 109 (2d Cir. 1997) (by serving interrogatories and a documentary subpoena, the party demanding arbitration received a "vast amount of information" relevant to its claims).

Pernod brought Owens into this suit for indemnification. Arbitration would decide that very issue, while allowing the principal litigation between Plaintiff and Pernod to proceed. Plaintiff has not asserted any claim against Owens; nor has Owens filed any sort

of claim against Plaintiff.  Pernod has not carried its burden on this issue, which alone would counsel against waiver.

### IV.  CONCLUSION

The Court grants Owens' motion to compel and orders the parties to arbitration.  *See* 9 U.S.C. § 4.  The parties shall file a status update with the Court within 60 days regarding the arbitration.  The Court **STAYS** all claims asserted between Owens and Pernod until the resolution of arbitration.  *See* 9 U.S.C. § 3.

It is **SO ORDERED**.

Dated:  July 10, 2025

Hon. Cathy Ann Bencivengo
United States District Judge